UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE,

            Plaintiff,

    v.

MARK STRONG,

            Defendant.

CASE NO. 3:16-CV-05284-RBL-DWC

ORDER DIRECTING SUBSTITUTION AND DIRECTING PLAINTIFF TO PROVIDE ADDRESS

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel.[1] On September 7, 2016, the Court directed service of Plaintiffs' Complaint on the sole Defendant, Mark Strong, former CEO of the Special Commitment Center ("SCC"). *See* Dkt. 38, 39. The Clerk's Office mailed the Complaint and waiver of service form

---

[1] This case was original filed on behalf of 27 plaintiffs, who sought class certification. The undersigned recommended class certification be denied without prejudice and a new case be opened for each plaintiff. The Report and Recommendation was adopted by the District Judge assigned to this case. This case was severed into the following 24 pending cases (hereinafter "Related Cases"): *Mitchell v. Strong*, 3:16-cv-5530-RBL-DWC; *Fox v. Strong*, 3:16-cv-5532-RBL-DWC; *Schoonover v. Strong*, 3:16-cv-5533-RBL-DWC; *Robinson v. Strong*, 3:16-cv-5534-RBL-DWC; *Brooks v. Strong*, 3:16-cv-5535-RBL-DWC; *Parsons v. Strong*, 3:16-cv-5537-RBL-DWC; *Townsend v. Strong*, 3:16-cv-5538-RBL-DWC; *Geier v. Strong*, 3:16-cv-5539-RBL-DWC; *Jones v. Strong*, 3:16-cv-5540-RBL-DWC; *Hancock v. Strong*, 3:16-cv-5541-RBL-DWC; *Nelson v. Strong*, 3:16-cv-5542-RBL-DWC; *Rafford v. Strong*, 3:16-cv-5543-RBL-DWC; *Cole v. Strong*, 3:16-cv-5544-RBL-DWC; *Mathis v. Strong*, 3:16-cv-5545-RBL-DWC; *Jaeger v. Strong*, 3:16-cv-5546-RBL-DWC; *Brennan v. Strong*, 3:16-cv-5547-RBL-DWC; *Hopkins v. Strong*, 3:16-cv-5548-RBL-DWC; *Dumas v. Strong*, 3:16-cv-5549-RBL-DWC; *Pouncy v. Strong*, 3:16-cv-5550-RBL-DWC; *Jackson v. Strong*, 3:16-cv-5551-RBL-DWC; *McCollum v. Strong*, 3:16-cv-5552-RBL-DWC; *Azeem v. Strong*, 3:16-cv-5553-RBL; *Coleman v. Strong*, 3:16-cv-5555-RBL-DWC; and *Turner v. Strong*, 3:16-cv-5556-RBL-DWC.

    The Court notes *Toomey v. Strong*, 3:16-cv-5554-RBL, and *Cantley v. Strong*, 3:16-cv-5536-RBL, were voluntarily dismissed without prejudice. In *Azeem v. Strong*, 3:16-cv-5553-RBL, Mr. Azeem's Motion to Proceed IFP was denied and he must pay the filing fee by October 3, 2016 or his case will be dismissed. In *Jackson v. Strong*, 3:16-cv-5551-RBL-DWC, Mr. Jackson paid the $400 filing fee. All other Related Cases are proceeding *in forma pauperis* ("IFP").

ORDER DIRECTING SUBSTITUTION AND
DIRECTING PLAINTIFF TO PROVIDE
ADDRESS - 1

to Defendant Strong. The mailing was returned to the Court as "return to sender unable to forward." *See* Dkt. 41.

Defendant Strong is being sued in both his individual and official capacities. Therefore, the Court substitutes Bill Van Hook, the current CEO of SCC, for Mark Strong in his official capacity and orders Plaintiffs to provide an updated address for Defendant Strong so he may be served in his individual capacity.

### I.     Official Capacity

Plaintiffs named Mark Strong, in his official capacity, as a defendant in this action. *See* Dkt. 38. Defendant Strong resigned from his position as the CEO of the SCC. Under Federal Rule of Civil Procedure 25(d),

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Bill Van Hook is the current CEO of the SCC. Therefore, the Clerk of Court is directed to substitute Bill Van Hook, in his official capacity, for Mark Strong, in his official capacity, as Defendant in this action. Defendant Van Hook is named as a defendant in his official capacity only. Defendant Strong will remain in the case in his individual capacity.

### II.    Individual Capacity

Plaintiffs also sue Defendant Strong in his individual capacity. Dkt. 38. While the Court has the duty to serve the summons and complaint, *see* 28 U.S.C. § 1915(d), an IFP plaintiff still bears the burden of providing accurate and sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994); *see also* Fed. R. Civ. P. 4. When an IFP plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and

complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved defendant. *Walker*, 14 F.3d at 1421-22 (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)).

Plaintiff Malone is directed to provide an updated address for Defendant Strong on behalf of all Plaintiffs in the Related Cases. Upon receipt of the updated address, the Clerk's Office is directed to file the updated address in all the Related Cases. If Plaintiffs are unable to provide the Court with an updated address for Defendant Strong by October 21, 2016, the Court will recommend dismissal of Defendant Strong from this action for failure to prosecute.

### III.    Directions to the Clerk

The Clerk is directed to:

1. Substitute Bill Van Hook, in his official capacity, for Mark Strong, in his official capacity in this case and all Related Cases. Defendant Strong shall remain in the case in his individual capacity in this case and all Related Cases;

2. Upon receipt from Plaintiff Malone, file the updated address for Defendant Strong in this case and all Related Cases; and

3. Enter this Order in the following Related Cases:

   (1) *Mitchell v. Strong*, 3:16-cv-5530-RBL-DWC

   (2) *Fox v. Strong*, 3:16-cv-5532-RBL-DWC

   (3) *Schoonover v. Strong*, 3:16-cv-5533-RBL-DWC

   (4) *Robinson v. Strong*, 3:16-cv-5534-RBL-DWC

   (5) *Brooks v. Strong*, 3:16-cv-5535-RBL-DWC

   (6) *Parsons v. Strong*, 3:16-cv-5537-RBL-DWC

   (7) *Townsend v. Strong*, 3:16-cv-5538-RBL-DWC

1     (8) *Geier v. Strong*, 3:16-cv-5539-RBL-DWC

2     (9) *Jones v. Strong*, 3:16-cv-5540-RBL-DWC

3     (10)   *Hancock v. Strong*, 3:16-cv-5541-RBL-DWC

4     (11)   *Nelson v. Strong*, 3:16-cv-5542-RBL-DWC

5     (12)   *Rafford v. Strong*, 3:16-cv-5543-RBL-DWC

6     (13)   *Cole v. Strong*, 3:16-cv-5544-RBL-DWC

7     (14)   *Mathis v. Strong*, 3:16-cv-5545-RBL-DWC

8     (15)   *Jaeger v. Strong*, 3:16-cv-5546-RBL-DWC

9     (16)   *Brennan v. Strong*, 3:16-cv-5547-RBL-DWC

10     (17)   *Hopkins v. Strong*, 3:16-cv-5548-RBL-DWC

11     (18)   *Dumas v. Strong*, 3:16-cv-5549-RBL-DWC

12     (19)   *Pouncy v. Strong*, 3:16-cv-5550-RBL-DWC

13     (20)   *Jackson v. Strong*, 3:16-cv-5551-RBL-DWC

14     (21)   *McCollum v. Strong*, 3:16-cv-5552-RBL-DWC

15     (22)   *Azeem v. Strong*, 3:16-cv-5553-RBL

16     (23)   *Coleman v. Strong*, 3:16-cv-5555-RBL-DWC

17     (24)   *Turner v. Strong*, 3:16-cv-5556-RBL-DWC

18    Dated this 28th day of September, 2016.

19

20                                         David W. Christel

21                                         United States Magistrate Judge

22

23

24