UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

VAN HOOK,

    Defendant.

CASE NO. 3:16-CV-05785-RBL-DWC

ORDER

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently before the Court are Plaintiff Richard Roy Scott's "FRCP 41 Notice of Withdrawal of Contaminated Water Issue Only" ("Motion to Bifurcate") and Motion to Lift Stay. Dkt. 56, 57. After review of the pending Motions and relevant record, the Court grants Plaintiff's Motion to Bifurcate (Dkt. 56) and directs the Clerk of Court to add Richard Roy Scott as a Plaintiff in *Malone v. Strong*, 3:16-cv-5284-RBL-DWC. The Court also grants Plaintiff's Motion to Lift Stay (Dkt 57).

**I.    Motion to Bifurcate (Dkt. 56)**

Plaintiff filed the Motion to Bifurcate on May 24, 2017, requesting to withdraw the contaminated water claim alleged in his Complaint because he joined a separate lawsuit. Dkt. 56. In this Court, there are approximately 200 plaintiffs currently alleging constitutional violations

arising from the potable water at the Special Commitment Center ("SCC"). *See Malone v. Strong*, 3:16-cv-5284-RBL-DWC ("Related Case"). Plaintiff contends he has joined the Related Case and is now being represented by Attorney Casey Arbenz.[1] Dkt. 56. Plaintiff has not yet been named in the Related Case and Mr. Arbenz has not yet entered an appearance on behalf of Plaintiff in the Related Case or in the current case. While Mr. Arbenz is not currently representing Plaintiff, he does not object to representing Plaintiff in the Related Case. Further, the Court finds joining Plaintiff in the Related Case promotes judicial efficiency and economy. Therefore, the Court grants Plaintiff's Motion to Bifurcate (Dkt. 56). The Court anticipates Mr. Arbenz will enter an appearance on behalf of Plaintiff in the Related Case on or before July 21, 2017.

The Court recognizes Plaintiff cannot use Federal Rule of Civil Procedure 41(a)(1) to "dismiss, unilaterally, a single claim from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Rather, a plaintiff's voluntary dismissal of a single claim is subject to Rule 15 of the Federal Rules of Civil Procedure. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Here, while Plaintiff cannot amend as a matter of right, leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). Plaintiff is attempting to withdraw, not add, a claim and there is no evidence Defendants will be prejudiced if the Court allows Plaintiff to withdraw the contaminated water claim from this case. Therefore, the Court deems Plaintiff's Complaint

---

[1] This Court has determined exceptional circumstances exist which allow the Court to assist plaintiffs in all the potable water cases in securing counsel. Attorney Casey Arbenz was identified as an attorney willing to represent one or all IFP plaintiffs upon entering an agreement regarding the terms of representation. Mr. Arbenz has filed a notice of appearance in the Related Case.

amended. The claims alleging constitutional violations arising from the potable water at the SCC are withdrawn from the Complaint.

**II.     Motion to Lift Stay (Dkt. 57)**

On May 9, 2017, the Court stayed Plaintiff's case while waiting for an answer and scheduling order to be filed in the Related Case. Dkt. 55. Plaintiff has now withdrawn the claim in his Complaint related to the claims alleged in the Related Case, *see* Section I, *supra*, and moves to lift the stay. Dkt. 57. As the Court has granted Plaintiff's Motion to Bifurcate, the Court agrees the stay is now unnecessary. Therefore, Plaintiff's Motion to Lift Stay (Dkt. 57) is granted.

**III.    Conclusion**

After review of the Motions and relevant record, Plaintiff's Motion to Bifurcate (Dkt. 56) and Motion to Lift Stay (Dkt. 57) are granted. Any claims arising from the contaminated water at the SCC are withdrawn from the Complaint.[2] The Clerk of Court is directed to add Richard Roy Scott as a Plaintiff in *Malone v. Strong*, 3:16-cv-5284-RBL-DWC. The Clerk is also directed to send of a copy of this order to Mr. Arbenz. As stated above, the Court anticipates Mr. Arbenz will enter an appearance on behalf of Plaintiff in the Related Case on or before July 28, 2017.

Dated this 13th day of July, 2017.

David W. Christel
United States Magistrate Judge

---

[2] As only one claim is being withdrawn from the Complaint, the Court finds it is unnecessary to require Plaintiff to file an amended complaint.