UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN MALONE, et al.,

    Plaintiffs,

  v.

MARK STRONG, et al.,

    Defendants.

CASE NO. 3:16-CV-05284-RBL-DWC

ORDER

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently before the Court are six "Motion[s] for New Counsel and for 'Opt-Out Class' Status." Dkt. 66-71. The Motions were filed by Plaintiffs Robert E. Lough, Gary Shaw, Elmer Campbell, Tremayne Francis, Curtis Brogi, and William Curry, Jr. ("Plaintiffs"). *See id*. In the Motions, Plaintiffs request the Court: (1) assign different counsel; and (2) assign Plaintiffs an "opt-out class status." After review of the Motions and relevant record, the Court concludes Plaintiff will not be assigned new counsel. Further, this is not a class action, thus, Plaintiffs will not be granted "opt-out class status." Therefore, the Motions (Dkt. 66-71) are denied.

First, Plaintiffs request new counsel because Mr. Arbenz was appointed to represent Plaintiffs pro bono, but sent Plaintiffs a contingency fee agreement. *See* Dkt. 66-71. There are approximately 200 Plaintiffs currently alleging constitutional violations arising from the potable water at the SCC. *See* Dkt. 62. This Court determined exceptional circumstances exist which allowed the Court to assist Plaintiffs in securing counsel. Attorney Casey Arbenz was identified as an attorney willing to represent one or all IFP Plaintiffs pro bono upon entering an agreement regarding the terms of representation. *See* Dkt. 40. Mr. Arbenz is the attorney of record for Plaintiffs. *See* Dkt. 61.Mr. Arbenz was appointed under the Pro Bono Plan ("the Plan") to represent Plaintiffs in this case. The purpose of the Plan is for "furnishing representation to *pro se* litigants in civil rights actions where the Court exercises its discretion to provide such representation." General Order 10-05. Under Section 5 of the Plan, "[t]he appointed attorney or the firm with which the attorney is affiliated shall seek reimbursement from the *pro se* litigant for the costs incurred in litigating the action to the extent the litigant is able to bear such costs." If a litigant is unable to bear costs of the litigation, the pro bono attorney may apply for reimbursement of reasonable expenses from the Western District Court Civil Rights Litigation Fund. Under the Plan, the appointed attorney may only be required to bear costs of the litigation if reimbursement is not available from the litigant or the litigation fund. Regardless of whether Plaintiffs proceed *pro se* or with counsel, be it Mr. Arbenz or newly appointed counsel, Plaintiffs are responsible for all costs and fees associated with this case. For example, Plaintiffs would be required to pay for discovery expenses, expert fees, subpoena fees, and transcript expenses. Because Mr. Arbenz is appointed under the Plan, he is able to seek reimbursement from the Litigation Fund, if Plaintiffs are unable to pay for litigation expenses. If Plaintiffs proceed *pro se*

they will be responsible for litigation expenses and will not have the opportunity to seek reimbursement through the Litigation Fund.

Regarding a fee award, the contingency fee agreement allows Mr. Arbenz to collect fees if the case is resolved favorably for Plaintiffs. *See e.g.* Dkt. 66. If the Court were to assign new counsel, the new counsel would also likely have an agreement which would allow the attorney to collect fees if the case is resolved favorably for Plaintiffs.

The Court also notes Mr. Arbenz agreed to represent Plaintiffs in the SCC potable water cases "pro bono *upon entering an agreement regarding the terms of representation*." Dkt. 40, p. 3 (emphasis added).

For the above stated reasons, the Court finds Plaintiffs have failed to show Mr. Arbenz's contingency fee agreement is in violation of the Plan. Accordingly, the Court declines to appoint new counsel to represent Plaintiffs because Mr. Arbenz sent contingency agreements to Plaintiffs and is seeking to recover the cost of litigation expenses from Plaintiffs.

Second, Plaintiffs' request to be allowed to opt-out of class status. At this time, Plaintiffs' cases have been consolidated into one case, *Malone, et al. v. Strong, et al.*, 3:16-cv-05284-RBL-DWC (W.D. Wash.). Class status has not been certified. Therefore, Plaintiffs' request to opt-out of class status is denied as moot.

In conclusion, the Motions (Dkt. 66-71) are denied. However, as Plaintiffs may have misunderstood the nature of the appointment of pro bono counsel, Plaintiffs may file motions to proceed *pro se* on or before September 18, 2017. The Court reminds Plaintiffs, for any Plaintiff who decides to proceed *pro se*, that Plaintiff will still be responsible for all costs and expenses of litigation (i.e. fees for expert witnesses, subpoenas, transcripts, and discovery expenses) and will

not have the opportunity to seek reimbursement through the Litigation Fund. In addition, any Plaintiff who decides to proceed *pro se* will likely not be included in the consolidated case.

The Clerk is directed to send a copy of this Order through the U.S. Postal Service to Plaintiffs Robert E. Lough, Gary Shaw, Elmer Campbell, Tremayne Francis, Curtis Brogi, and William Curry, Jr. at the Special Commitment Center.

Dated this 29th day of August, 2017.

David W. Christel
United States Magistrate Judge