1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE, et. al.,<br><br>                Plaintiffs,<br>    v.<br><br>MARK STRONG, BILL VAN HOOK, et. al.,<br><br>                Defendants. | CASE NO. 16-5284 RJB<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Defendants' Motion for Reconsideration.  Dkt. 216.  The Court has reviewed the pleadings filed regarding the motion and the remaining file.  It is fully advised.

In this case, the Plaintiffs, 219 residents at Washington's Special Commitment Center ("SCC"), a facility for those detained or civilly committed as sexually violent predators, allege that the water quality at the facility violates their Eighth and Fourteenth Amendment rights.  Dkt. 82.  They seek damages, prospective injunctive relief, and attorneys' fees and costs.  *Id.*

ORDER ON MOTION FOR RECONSIDERATION - 1

On August 22, 2023, the Defendants' motion for summary judgment was denied as to Plaintiffs' Fourteenth Amendment claims for damages against Defendants Mark Strong and Bill Van Hook,[1] in their individual capacities, and denied as to Defendants Strong and Van Hook's claims for qualified immunity. Dkt. 215. The Defendants' motion for summary judgment was granted as to the Plaintiffs' remaining claims. *Id.* The facts and procedural history are in the August 22, 2023 Order on Summary Judgment (Dkt. 215 at 1-11) and are adopted here.

The Defendants now move for reconsideration of portions of the Court's August 22, 2023 order. Dkt. 216. Specifically, the Defendants seek the following modifications: (1) for the 216 Plaintiffs who did not file individual affidavits, a finding that they did not sufficiently point to issues of fact as to harm, and (2) for all Plaintiffs, a finding that Plaintiffs' expert opinions have failed to identify a material issue of fact as to causation and dismiss all claims based on allegations that the water at the SCC caused any medical issues. *Id.*

Pursuant to Local Rule W.D. Wash. ("Local Rule") 7(h)(3), the Plaintiffs were invited to respond (Dkt. 217) which they did (Dkt. 218). The Defendants filed a reply (Dkt. 219) and the motion is ripe for decision.

**DISCUSSION**

Local Rule 7(h)(1) provides: "[m]otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

---

[1] Mark Strong is the former CEO of the SCC, who resigned on April 22, 2016, and Bill Van Hook is the current CEO of the SCC. Dkt. 83.

ORDER ON MOTION FOR RECONSIDERATION - 2

The Defendants first move the Court to reconsider its ruling that the 216 Plaintiffs, who did not file individual affidavits, have failed to demonstrate that they were harmed by the water at the SCC. Dkt. 216. The Defendants contend that the case lacks any facts from the 216 Plaintiffs and maintains that the only evidence offered at summary judgment about them was a summary of interrogatory responses from them. *Id.* The summary was created by Plaintiffs' counsels' staff and was from the Plaintiffs' answers to Defendants' Interrogatory no. 12 that provided:

> Describe all medical conditions that you allege have been caused by the water at the SCC. This should include a detailed description of each and every ailment, including the dates you suffered from that ailment and the dates of any medical treatment that you sought as a result of that ailment.

Dkt. 193 at 2. The Defendants maintain that this summary is inadmissible hearsay and so there is no evidence that any of these 216 Plaintiffs were harmed by the water quality. Dkt. 216.

The Defendants' motion for reconsideration regarding evidence of injury to the 216 Plaintiffs that did not file individual affidavits (Dkt. 216) should be denied. The summary at issue (Dkt. 193) (contained in the Declaration of Janet Cavanaugh) demonstrated that each of the Plaintiffs made complaints. The summary is only hearsay as to the content of those complaints. Plaintiffs' injuries may or may not stem from a "medical condition" or an "ailment" or be resolved by "medical treatment." Negative responses to those inquires may still result in compensable injuries.

Further, as non-moving parties, the Plaintiffs are entitled to reasonable inferences drawn from underlying facts which are not in dispute and "from underlying evidence on which there is conflicting direct evidence but which the judge must assume may be resolved at trial in favor of the non-moving party." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

ORDER ON MOTION FOR RECONSIDERATION - 3

There is sufficient evidence in the record from the underlying facts which are not in dispute and from conflicting direct evidence, from which it can be inferred that the 216 Plaintiffs, who did not file affidavits or declarations, were harmed by the water at the SCC.  It is undisputed that access to clean water is a basic human requirement.  It is undisputed that the brown water events took place on an island with no other source of water for the detainees.  It is undisputed that all the Plaintiffs were confined, at least at some point, at the SCC during the relevant period.  The record indicates that "brown water events" were common at the SCC during the relevant period.  There is conflicting evidence that the water could and did harm the people at the SCC who came into contact with it.  There is direct evidence that other detainees were harmed by the water.  Further, the Ninth Circuit Court of Appeals has already held that there are issues of fact as to whether another detainee was harmed by the quality of the water at the same facility during the relevant period.  *Jones v. Special Commitment Center, et. al.,* 644 Fed. Appx. 721 (9th Cir. 2016).  The Ninth Circuit Memorandum in *Jones* stated that:

> The record contains evidence showing that the water in Jones' housing unit was often brown, had floating debris, and at least once, caused Jones and another detainee gastrointestinal distress and vomiting. . . . Jones also submitted evidence showing that staff occasionally told detainees not to use the water and passed out water bottles, and Strong did not address Jones' concern that he was unable to shower, wash, or shave.

*Jones* at 721–22.  It is a reasonable inference that the other detainees, who also have no other source of water, are equally harmed by the water quality at the SCC during the time at issue. The value of that harm is a matter for trial.

Second, the Defendants move the Court to reconsider its ruling that Plaintiffs' expert opinions have failed to identify a material issue of fact as to causation and dismiss all Plaintiffs' claims based on allegations that the water at the SCC caused medical issues. Dkt. 216.  The

ORDER ON MOTION FOR RECONSIDERATION - 4

Defendants reassert that Dr. Quinn's opinion fails to meet the requirements of *Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311 (9th Cir. 1995). *Id.* at 5.

The Defendants' motion for reconsideration on the Court's *Daubert* rulings should be denied. As explained in the order on summary judgment, the Plaintiff's expert opinions were sufficient to be considered on summary judgment. Dkt. 215 at 3-4. This ruling applies only to summary judgment; the parties should not assume that this ruling will necessarily apply at trial. Further, the Plaintiffs have pointed to sufficient issues of fact regarding medical harm. As stated in the order, Dr. Quinn opines that the drinking water system was "'substandard and via many routes of exposure, SCC residents and staff were exposed to contaminants and elements which, on a more probable than not basis, caused subacute and chronic adverse health consequences . . . including stomach ailments, skin rash and skin irritation,' as well as the physical, mental and emotional injuries as alleged in Plaintiff's Amended Complaint." Dkt. 215 at 16 (*citing* Dkt. 82 paragraphs 4.70, 4.21, 4.23 and 4.27)).

The Defendants' motion for reconsideration (Dkt. 216) should be denied and the Court's August 22, 2023 Order on Summary Judgment (Dkt. 215) should be affirmed.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of October, 2023.

ROBERT J. BRYAN
United States District Judge