UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CALVIN MALONE, et. al., <br><br> Plaintiffs, <br> v. <br><br> MARK STRONG, BILL VAN HOOK, et. al., <br><br> Defendants. | CASE NO. 16-5284 RJB <br><br> ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION |

This matter comes before the Court on Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings (Dkt. 221). The Court has considered the file, including documents filed in support of and in opposition to the motion, and the underlying rulings of the Court (Dkts. 215 and 220).

This is a procedurally complex case with some 219 individual Plaintiffs, voluntary Plaintiffs' counsel, and, apparently, varied views by counsel regarding the legal issues involved. The case has been pending since 2016, and needs to be resolved.

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION - 1

The parties have to live with the discovery produced. If, for Plaintiffs, it is insufficient, they will have to live with their submissions. Their approach, in part, seems to be an attempt to lay the groundwork for reasonable assumptions that will result in proving damages to residents of the Special Commitment Center, regardless of whether there is specific testimony from Plaintiffs regarding damages or less specific showings of damages resulting from reasonable inferences from all of the evidence. What evidence may be admissible at trial is undecided.

The Defendants overlook the probability that the Plaintiffs' evidence is likely to show a variety of claimed damages from many witnesses. It would be a disservice to issue a ruling assuming that all Plaintiffs must present evidence only to support Defendants' theory of the case.

Similarly, the expert witnesses describe the brown water and its effect from many approaches - enough to add to Plaintiffs' theories. The witnesses appear qualified. What may be offered in evidence at trial is not yet determined. As the Court indicated in its Order on Motion for Summary Judgment (Dkt. 215 at 4) referring to the expert opinions, "The parties should not assume that this ruling will apply at trial." To dismiss all claims based on Defendants' allegations that the water at the Special Commitment Center did not cause any medical issues would eliminate reasonable expert testimony supporting both specific and general views of risks and damages, and causation. Again, such action would be unfairly based only on Defendants' view of the case.

To interrupt proceedings in this case for an interlocutory appeal is not called for. To respond to Defendants' motion (Dkt. 221 at 2, lines 1-7), two hundred and sixteen Plaintiffs do not rely solely on hearsay within hearsay to create an issue of fact sufficient to survive summary judgment. The use of *Jones v Special Commitment Center* was proper as an example in the Court's discussion denying summary judgment. For all Plaintiffs considering all expected

evidence, there are issues of fact regarding causation sufficient to survive summary judgment. Contrary to Defendants' arguments, and as is required by 28 U.S.C. §1292(b), there is no controlling question of law at issue.  A decision on some issues and parties would not resolve all issues for all parties.  An immediate appeal would slow, rather than advance, the ultimate determination of the litigation.  Nor would appeal based on Defendants' theories of the case resolve all issues for all parties.  There is no reason to stay this litigation.  Therefore, Defendants' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for Stay of Proceedings (Dkt. 221) should be **DENIED**.

**IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 1st day of November, 2023.

*Robert J Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION - 3